UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robert Lowe

     v.                          Civil No. 08-cv-00013-JL
                                     Opinion No. 2008 DNH 050

Sears Holding Corporation

**O R D E R**

The plaintiff, Robert Lowe, commenced this suit in Hillsborough County Superior Court against his former employer, Sears Holding Corporation, alleging wrongful termination under New Hampshire law.  Sears then removed the action to this court, invoking its diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1).  Lowe has moved to remand the action to the state court, see id. § 1447(c), arguing that it fails to satisfy the amount in controversy requirement for diversity jurisdiction, $75,000, see id. § 1332(a).

As the party seeking to proceed in this court, Sears has the burden to show the prerequisites for subject-matter jurisdiction, including the necessary amount in controversy.  See, e.g., Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004).  Where, as here, the complaint does not put any number on the plaintiff's claimed damages, this court requires the removing defendant to show by a preponderance of the evidence that the

amount in controversy exceeds the jurisdictional minimum.  <u>See</u>
<u>Evans v. Yum Brands, Inc.</u>, 326 F. Supp. 2d 214, 219-220 (D.N.H.
2004) (collecting cases).

Lowe alleges that, during his efforts to secure a promotion,
he made what he believed were confidential complaints about his
supervisor which nevertheless made their way back to him.  Lowe
was soon fired, on May 25, 2007.  He claims that his firing was
motivated by bad faith, malice, and retaliation, and resulted
from his performing acts that public policy would encourage, thus
giving rise to a common-law wrongful termination claim under New
Hampshire law, <u>see</u> <u>Cloutier v. Great Atl. & Pac. Tea Co.</u>, 121
N.H. 915, 921-22 (1981).  Lowe alleges that he "has suffered and
continues to suffer, substantial injury and damage, including but
not limited to, lost wages and benefits, lost earning capacity,
[and] future lost wages and benefits."  He also seeks "punitive
and enhanced compensatory damages."

Though the amount in controversy in a case removed to
federal court depends on the circumstances existing at the time
of removal, <u>see</u> <u>Magerer v. John Sexton & Co.</u>, 912 F.2d 525, 529
(1st Cir. 1990), the calculation includes monies not yet due the
plaintiff at that point -- so long as the "judgment will clearly
and finally create an obligation to pay, over a number of years,
a sum in excess of the jurisdictional amount, even though future

events may alter or cut off the defendant's obligation."  14B
Charles Alan Wright et al., Federal Practice & Procedure § 3702,
at 87 (3d ed. 1998).  The amount in controversy in a wrongful
discharge suit, then, includes what the plaintiff would have
earned but for the termination of his employment, even if those
sums had not yet become due at the time of removal.  See Hardemon
v. City of Boston, 144 F.3d 24, 26-27 (1st Cir. 1998); see also
White v. FCI USA, Inc., 319 F.3d 672, 675-76 (5th Cir. 2003).

     With its objection to the motion to remand, Sears has
submitted an affidavit from Lowe's supervisor stating that, at
the time of Lowe's termination, he was earning an annual salary
of nearly $96,000, in addition to insurance benefits.  So the
value of Lowe's claim for lost wages alone exceeds $75,000.  See,
e.g., White, 319 F.3d at 675-76.  Lowe does not dispute the
affidavit, which suffices to show by a preponderance of the
evidence that his case meets the amount in controversy
requirement.  Instead, he submits an affidavit from his counsel
attesting that they "will not be seeking a claim in excess of
$75,000.00 exclusive of interests [sic] and costs if the claim is
remanded to State Court."  This representation has no bearing on
the amount in controversy analysis.

     The Supreme Court has held that "events occurring subsequent
to removal which reduce the amount recoverable, whether beyond

3

the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction" -- including that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291-93 (1938) (footnotes omitted).  A number of circuits have held accordingly that, where a plaintiff files suit in state court without limiting his potential recovery below the threshold for federal subject-matter jurisdiction, he may not attempt to do so after the case has been removed to federal court.  See, e.g., Werwinski v. Ford Motor Co., 286 F.3d 661, 667 (3d Cir. 2002); Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000); In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992); 14B Wright, supra, § 3702, 63-68; but see Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 690-91 (9th Cir. 2006) (stating in dicta that "it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal admissions as determinative of the amount in controversy").

Though the First Circuit has yet to pass on this issue, one of this court's sister districts has agreed with the majority view "that plaintiffs may not change the amount in controversy after removal in an effort to defeat federal jurisdiction."

4

<u>Satterfield v. F.W. Webb, Inc.</u>, 334 F. Supp. 2d 1, 4 (D. Me. 2004).[1]  This court agrees that this rule makes eminent sense and, in any event, is dictated by the Supreme Court's decision in <u>St. Paul</u>.[2]  As the Court there explained, "[i]f the plaintiff could, no matter how <u>bona</u> <u>fide</u> his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice."  303 U.S. at 294. Lowe's motion to remand (document no. 6) is DENIED.

---

[1]The court in <u>Satterfield</u> recognized that the <u>St. Paul</u> decision does not foreclose a plaintiff from <u>clarifying</u> the amount in controversy by way of post-removal filings.  334 F. Supp. 2d at 4-5; <u>see also</u>, <u>e.g.</u>, 14B Wright, <u>supra</u>, § 3702, at 70.  Here, however, Lowe's complaint is hardly ambiguous as to the kinds of damages he is seeking, and his counsel's affidavit does not purport to clarify his claim, but to limit it in the event remand is granted.  That is not permitted under <u>St. Paul</u>.

[2]One district court has held that the <u>St. Paul</u> decision was abrogated by the subsequent amendment of 28 U.S.C. § 1447(c) to provide for remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  <u>Villano ex rel. Villano v. Kohl's Dep't Stores, Inc.</u>, 362 F. Supp. 2d 418, 420 (S.D.N.Y. 2005).  But this view has not found any adherents, even among other judges in the same district.  <u>See</u> <u>Purple Passion, Inc. v. RCN Telecom Servs., Inc.</u>, 406 F. Supp. 2d 245, 246-47 (S.D.N.Y. 2005) (disagreeing with <u>Villano</u> and citing, <u>inter alia</u>, contrary circuit cases).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

March 4, 2008

cc:  Elizabeth B. Olcott, Esq.
     Peter Bennett, Esq.